IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIRGIL REIMER,

        Plaintiff,                      No. 2:09-cv-2532 JAM KJN P

    vs.

CCC WARDEN, et al.,                ORDER AND

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1   U.S.C. § 1915A(b)(1),(2).

2            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

4   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

5   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8   Cir. 1989); Franklin, 745 F.2d at 1227.

9            In his complaint, plaintiff confirms he has exhausted his administrative remedies

10  through the second level of review.  Plaintiff states he had not yet received a response to the

11  second level review, and that prison officials were in breach of the second level review "with a

12  regulation due date of August 13, 2009." (Complt. at 2.)  However, plaintiff's complaint was

13  signed on August 12, 2009.  (Complt. at 4.)

14           On January 11, 2010, plaintiff filed a notice in which he states his second level

15  appeal was denied on August 20, 2009, and that his third level (Director's Level) appeal is

16  presently pending.

17           Section 1997e(a) of Title 42 of the United States Code provides:

18   > No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
19   > confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

20

21  This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001);

22  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the

23  filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

24  requirement during the course of an action.  McKinney. 311 F.3d at 1200.

25           California's Department of Corrections provides a four-step
             grievance process for prisoners who seek review of an
26           administrative decision or perceived mistreatment. Within fifteen

working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6©. [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6©. Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

Plaintiff's January 11, 2010 filing makes clear that plaintiff prematurely filed his action in federal court. Booth v. Churner, 532 U.S. at 741. Accordingly, this action should be dismissed without prejudice.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The Clerk of the Court is directed to send plaintiff the forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

////

////

////

---

[1] Plaintiff contends that prison officials' response to the third level review is overdue because a response was due November 20, 2009. Plaintiff must raise this contention in an action filed after November 20, 2009, as Supreme Court authority requires plaintiff to exhaust his administrative remedies prior to filing in federal court.

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 18, 2010

             /s/ Kendall J. Newman
            KENDALL J. NEWMAN
            UNITED STATES MAGISTRATE JUDGE

reim2532.56